```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GABRIEL FLORES,                                  :

                  Plaintiff,    :                    **21-CV-1680 (PGG) (KHP)**

                v.    :

CITY OF NEW YORK, et al.,                        :                    **ORDER**

               Defendants.    :
-----------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      On May 6, 2022, this Court ordered the City of New York to: (1) file waivers of service for Defendants who have not been served or otherwise advise the Court of its position by May 20, 2022; (2) upon the completion of service and appearance of counsel for the individual Defendants, advise the Court by letter whether those Defendants seek to join the pending motion to dismiss; and (3) file any motion joining Defendants within 30 days of the order.  (ECF No. 46.)  Defendants requested an extension of time to comply with the May 6, 2022 order, with the waivers of service due on June 10, 2022 and any motion joining Defendants due on June 24, 2022.  The Court granted the request and stated that no further extensions of time would be granted.  (ECF No. 48.)

      On June 6, 2022, the following Defendants filed waivers of service: Comm Brann, Chief Jennings, Heidi Grossman, Chief Scott, Brenda Cooke, Chief Kenneth Stukes, Warden Rene, Warden Morales (ECF No. 49), DW Matos #595, ADW Carter #94, ADW Greene #1368, ADW Henry #1038, ADW Phillips #14, ADW Wilking #115, ADW DW Shivraj #604, Capt. Mathis #82 (ECF No. 50), Capt. Ballah #1219, Capt. Vallejo #924, Capt. Smith #1222, Capt. Peters #423,

1

Capt. Blake #89, Capt. Islam #1743, Capt. Carter #1092 (ECF No. 51), Capt. Palmer #267, Capt. Jones #693, Capt. Moodie #593, Capt. Law #85, Capt. Parris #1784, Capt. Arias #1861, Capt. L'Oiseau #1898 (ECF No. 52), Capt. Subervi #1064, Capt. Camacho #1790, Capt. Farrow #964, CO Ritter #7994, CO Hickson #5395, CO Young #12268, CO White #8507 (ECF No. 53), CO McNeil #12557, CO Reid #8637, CO Sharma #13535, CO Quinones #2315, CO Lawrence #10351, CO Drumwright #8667, CO Day #5761, CO Ramirez #15685 (ECF No. 54), CO Rodriguez #9665, CO Pierce #15102, CO Nzeama #6774, CO Oxley #1711, CO Joatan Humphries #4883, CO William Humphries #13844, CO Jaheem Smith #1650, CO Jovan Vazquez #11590 (ECF No. 55), CO Ernie Vasquez #18036, CO Castro #11930, CO Likoua # 19071, CO Darbeau #4193, CO Purnhagen #12594, CO Peay #18910, CO Feliz #17854 (ECF No. 56).

  The same day, the Law Department for the City filed *unexecuted* waivers, citing various obstacles to obtaining a signed waiver: Sherma Dunbar (retired), ADW Lacroix #1361, ADW Charles, ADW Fleming, Capt. Charles #1706 (no matches with name and shield #), ADW Vasquez, ADW Blair, and CO Benitez (cannot identify/need more information) (ECF No. 57), CO Montenegro, CO Adamczyk, CO Edmund (retired), CO Dejesus, CO White (cannot identify/need more information), CO Taylor, Dychese, CO Harris Shield #17399 (no matches with name and shield #) (ECF No. 58), CO Jon Smith, CO Loretta Williams, CO Robinson Guzman (retired), CO Benitez (no matches with name and shield #), and CO Lio (need more information for identification) (ECF No. 59).

  On June 17, 2022, the following Defendants filed waivers of service: ADW Louis, CO Chuck, CO Montenegro, CO Taylor, CO Dyches (ECF No. 60), ADW Flemming, CO White, shield #492, CO Sharma, shield #13535, and CO Dejesus (ECF No. 61).

On June 24, 2022, the Law Department for the City appeared on behalf of the City of New York and 57 individual Defendants, namely, "Arias, Ballah, Blake, Camacho, Carter, Castro, Chuck, Darbeau, Day, DeJesus, Drumwright, Dychese, Farrow, Feliz, Flemming, Heidi Grossman, Henry, Hickson, Humphries, Humphries, Hazel Jennings, Law, Lawrence, Likoua, Loiseau, Louis, Bernard Mathis, Joanne Matos, McNeil, Monteregro, Moodie, Tiffany Morales, Nzeama, Oxley, Palmer-Campbell, Peay, Peters, Philips, Purnhagen, Quinones, Ramirez, Reid, Jean H. Rene, Ritter, Rodriguez, Becky Scott, Sherma, Jonelle Shivraj, Smith, Smith, Kenneth Stukes, Subervi, Vallejo, CO Vasquez, CO White, CO White (OSIU), and Young."  (ECF No. 62.)

On the same date, the Law Department for the City filed a letter representing to the Court that "Dunbar, Edmunds, Guzman, Smith, Williams, ADW Vasquez, and CO White" are no longer employed by Department of Corrections or cannot be identified based on the information provided in the Second Amended Complaint.  (ECF No. 63.)  It also indicated that all 57 intended to join the pending motion to dismiss.  With respect to Defendant Taylor, the Law Department informed the Court that it "has not yet been able to assume representation of defendant Taylor, as DOC has been unable to contact her. Therefore, at present, this Office cannot advise whether defendant Taylor will be joining in the pending motion."  With respect to the other Defendants who have not waived service the Law Department informed the Court:

> This Office is unable to advise whether those defendants that have not waived service yet will be joining in the pending motion to dismiss, as at this time, they have not been joined in the instant matter. However, if and when these defendants are properly joined to this case, the undersigned will promptly advise the Court as to their intention to join the pending motion to dismiss. With the Court's permission, the undersigned is prepared to file a status letter by July 25, 2022.

The Law Department failed to explain what efforts it undertook to contact CO Taylor concerning representing her or to identify those Defendants who have yet to sign a waiver of service. It also failed to request an extension of time to comply with this Court's prior orders or provide good cause why any further extension should be granted.

At this point, the Court has spent considerable time attempting to determine the names of individual Defendants who have and have not waived service and who are or are not represented by the Law Department, but still lacks clarity due to the confusing filings of the Law Department. For example, one "CO White, shield # 492" waived service (ECF 61). It is unclear whether there is another "CO White" who cannot be located as stated in the Law Department's letter at ECF No. 63 and whose waiver was returned unexecuted at ECF No. 58. Another example is that in ECF No. 62, the Law department indicates it is representing "Smith, Smith." It is unclear whether there are one or two Smith Defendants who are represented by the Law Department. Further complicating the matter, ECF No. 55 shows that CO Jaheem Smith #1650 waived service, and ECF No. 59 indicates that a waiver was not executed by CO Jon Smith. Similarly, although the Law Department states it cannot identify a CO Adamczyk or CO White, Dychese, in a related case, the Law Department is representing a CO Adamchex and CO White whose names appear to be similar to Defendants named in this action and possibly could be the same persons. (see 21-cv-1083 ECF No. 20). It is also possible that the Plaintiff has repeated the names of some individual Defendants in the caption and/or that individuals who appear to be different people are in fact the same persons whose names have been spelled differently in the complaint. In short, it does not appear that the Law Department has complied with its

4

obligation to identify the Defendants by first and last name and whether there are Defendants whose name spelling needs to be corrected.

In light of the substantial time that has passed and the Court's desire to avoid further delay, the following is ORDERED:

1. On July 8, 2022, the Law Department shall file a notice of appearance identifying each individual Defendant it represents fully and correctly, including individual Defendants' full names, ranks and any other identifiable information, such as a shield number;

2. On July 8, 2022, the Law Department shall identify Defendants who filed waivers but are not represented by it;

3. On July 8, 2022, any motion to join the pending motion to dismiss (ECF No. 35) shall be served and filed by those individual Defendants who wish to do so, and an answer served and filed by those who do not wish to join the pending motion to dismiss;

4. Any notice of motion to join the pending motion to dismiss and its accompanying memorandum of law must identify clearly, fully and correctly each Defendant who seeks to dismiss any specific claim against them and to assert any affirmative defenses, including qualified immunity; no arguments grouping Defendants without their identification will be considered by the Court;

5. On July 8, 2022, the Law Department shall file a notice of appearance on behalf of CO Taylor or a letter informing the Court that it does not represent CO Taylor;

6. The Law Department shall serve a copy of this order expeditiously on CO Taylor and file a proof of service on July 8, 2022;

7. If not represented by the Law Department, CO Taylor shall file an answer or otherwise respond to the Second Amended Complaint no later than July 15, 2022; failure to do so may result in the Court's entry of default against CO Taylor; and

8. On July 8, 2022, the Law Department shall inform the Court what efforts, if any, it undertook to ascertain the identity of Defendants it claims are "unable to be identified" and what, if anything, prevented it from ascertaining the identities of those Defendants.

No request for an extension of time to comply with this order will be entertained by the Court absent exigent circumstances.

**The Clerk of Court is requested to mail a copy of this order to the Plaintiff.**

Dated: June 29, 2022
   New York, New York                    SO ORDERED.

                                         _____
                                         KATHARINE H. PARKER
                                         United States Magistrate Judge