UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL FLORES,

                Plaintiff,

- against -

THE CITY OF NEW YORK, et al.,

                Defendants.

**ORDER**

21 Civ. 1680 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Gabriel Flores brings this action – pursuant to 42 U.S.C. § 1983 – against the City of New York ("the City") and sixty-five of its employees, alleging violations of his constitutional rights while in pretrial detention at the Otis Barnum Correctional Center (the "OBCC"), the Vernon C. Bain Center (the "VCBC"), the Manhattan Detention Complex (the "MDC"), and the George R. Vierno Center at Rikers Island (the "GRVC"). (See Second Am. Cmplt. (Dkt. No. 24))  The Second Amended Complaint ("SAC") alleges that – while Plaintiff was held at these facilities – he was subjected to unreasonable restrictions and inhumane living conditions resulting from, inter alia, the implementation of Command Level Order ("CLO") 370.20 and an August 10, 2020 Judicial Lockdown Order ("JLO").  According to Plaintiff, CLO 370.20 violates certain minimum standards set by the New York City Board of Correction ("BOC").  (See, e.g., id. ¶¶ 11-12, 28, 32)

        On November 8, 2021, Defendants moved to dismiss the SAC.[1]  (Dkt. No. 35) Plaintiff has not opposed the motion.  On April 21, 2022, this Court referred the motion to Magistrate Judge Katharine Parker for a report and recommendation.  (Dkt. No. 44)  On August

---

[1] The City initially moved to dismiss, and the individual Defendants – except for Defendants Dunbar, White, and Vasquez – joined that motion on July 8, 2022.  (See Dkt. Nos. 69-70)

8, 2022, Judge Parker issued a thorough, 68-page Report and Recommendation ("R&R") recommending that Defendants' motion be granted in part and denied in part. (See R&R (Dkt. No. 84)) According to the docket, a copy of the R&R was sent to Plaintiff on August 9, 2022.

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations. . . ." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, Judge Parker's R&R sets a deadline for objections, and states the consequences of a failure to timely object: "Plaintiff shall have seventeen days, and Defendants shall have fourteen days, from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. . . . The failure to file timely objections shall result in a waiver of those objections for purposes of appeal." (R&R (Dkt No. 84) at 68 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), and 72(b); Thomas v. Arn, 474 U.S. 140 (1985)))

On August 22, 2022, the moving Defendants timely filed an objection to the R&R, arguing that Judge Parker erred in concluding that the SAC complies with Rule 8(a) of the Federal Rules of Civil Procedure. (Def. Obj. (Dkt. No. 86) at 2-3) Plaintiff has not filed any objections to the R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the

district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 84) at 68), Plaintiff did not file objections to Judge Parker's R&R. A "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because Plaintiff did not file objections to Magistrate Judge Parker's R&R, he has waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

As to Defendants' objection – in which they argue that Judge Parker erred in concluding that the SAC complies with Fed. R. Civ. P. 8(a) – this Court reviews the objection de

novo. This Court agrees with Judge Parker, however, that the SAC adequately conveys the nature of Plaintiff's claims and that, accordingly, dismissal of the SAC is not warranted.

"Dismissal under Rule 8(a) 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Bancorp Servs., LLC v. Am. Gen. Life Ins. Co., No. 14-CV-9687 (VEC), 2016 WL 4916969, at *5 (S.D.N.Y. Feb. 11, 2016) (quoting Wynder v. McMahon, 360 F.3d 73, 80 (2d Cir. 2004)). Here, the SAC's "true substance" is not "well disguised," as evidenced by Judge Parker's thorough recitation and analysis of its claims. To the extent that Judge Parker did not address Defendants' "'assert[ion] that the SAC is confusing, ambiguous, vague, or unintelligible'" (Def. Obj. (Dkt. No. 86) at 2 (quoting R&R (Dkt. No. 84) at 23)), this Court has considered that argument and concludes that the SAC "is not the incomprehensible labyrinthian prolixity of unrelated and vituperative charges that Rule 8 was intended to curb." Harnage v. Lightner, 916 F.3d 138, 142 (2d Cir. 2019). Accordingly, Defendants' objection is overruled.

As to those portions of the R&R against which no objection has been lodged, this Court finds no clear error.

As an initial matter, Judge Parker finds that the SAC does not sufficiently allege the personal involvement of Defendants Stukes, Grossman, Jennings, Morales, and Matos in the alleged violations of Plaintiff's constitutional rights. (R&R (Dkt. No. 84) at 25) This Court agrees with Judge Parker's determination. Accordingly, Plaintiff's claims against those Defendants will be dismissed.

Judge Parker further recommends that all of Plaintiff's remaining claims be dismissed, except for those alleging that (1) Defendants Rene, DeJesus, "Smith #5084," Chuck,

4

Vasquez, White, Subervi, Feliz, Guzman, and Camacho mistreated Plaintiff and subjected him to an illegal policy of housing inmates based on "security risk group" at the OBCC and the VCBC[2]; (2) Defendants Hickson, McNeil, White, and Carter prevented him from having confidential communications with – and receiving mail from – his attorney, in violation of the First and Sixth Amendments; (3) Defendants Lawrence, Oxley, Louis, and Loiseau acted with deliberate indifference to his medical needs as a result of smoke inhalation; (4) Defendants Dunbar, Henry, Nzeama, Ritter, Hickson, McNeil, Carter, and Law retaliated against him for lodging grievances, in violation of the First Amendment; (5) Defendants Rene, Law, and Dychese placed him in enhanced restraints during exercise, in violation of the Due Process Clause of the Fourteenth Amendment; (6) Defendants McNeil, Oxley, Rodriguez, and Young denied Plaintiff his right to freely exercise his religion under the First Amendment, and violated the Religious Land Use and Institutionalized Persons Act ("RLIUPA")[3]; and (7) Defendants Palmer-Campbell, Carter, Blake, Humphries, Castro, Likoua, Smith, Vasquez, Williams, Arias, Smith, and Rei used excessive force against him.  Judge Parker also finds that the SAC's municipal liability claim against the City and Defendants Dunbar and Rene – as to the CLO's policy and practice of placing prisoners in enhanced restraints during recreation and restricting the provision of religious texts other than the Bible – is adequately pled.  (R&R (Dkt. No. 84) at 66-67)

---

[2]  Although the R&R does not specify which Defendants are implicated in this alleged misconduct, the SAC only pleads factual allegations against Defendants Rene, DeJesus, "Smith #5084," Chuck, Vasquez, White, Subervi, Feliz, Guzman, and Camacho as to Plaintiff's claims arising out of his detention at the OBCC and VCBC.  (See SAC (Dkt. No. 24) at 103-111)

[3]  Although Judge Parker characterizes this claim as against "all Defendants" (R&R (Dkt. No. 84) at 67), the SAC only alleges involvement on the part of Defendants Oxley, Young, McNeil, and Rodriguez.  (See SAC (Dkt. No. 24) ¶¶ 57-58, 60, 75, 101-07)

This Court has reviewed Judge Parker's 68-page R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Parker's R&R is adopted in its entirety (Dkt. No. 84), and Plaintiff's claims are dismissed as set forth therein and above.

The Clerk of Court is directed to terminate the motions (Dkt. Nos. 35, 69) and to terminate all Defendants except for the City, Hickson, McNeil, White, Carter, Oxley, Rodriguez, Young, Lawrence, Louis, Loiseau, Dunbar, Henry, Nzeama, Ritter, Law, Palmer-Campbell, Blake, Humphries, Castro, Likoua, "Smith #1753," "CO Smith #1650," Vasquez, Williams, Arias, Rei, Rene, Dychese, DeJesus, "Smith #5084," Chuck, Vasquez, Subervi, Feliz, Guzman, and Camacho.

The Clerk of Court is directed to send a copy of this Order via certified mail to pro se Plaintiff Gabriel Flores, DIN# 21A2109, B&C: 4411905826, Coxsackie Correctional Facility, P.O. Box 999, Coxsackie, NY 12051-0999.

Dated:  New York, New York
        September 30, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge