UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| GABRIEL FLORES, | 1:21-CV-1680 (PGG) (KHP) |
| --- | --- |
| Plaintiff, | <u>ORDER</u> |
| -against- | |
| CITY OF NEW YORK, et al., | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 3/27/2023 |
| Defendants. | |

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

For the following reasons, the Clerk of Court seeks pro bono counsel to enter an appearance for the purpose of conducting settlement negotiations only. Counsel will file a Notice of Appearance as Pro Bono Counsel.

<strong>LEGAL STANDARD</strong>

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts

must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously" *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated March 11, 2021, ECF No. 4.)  Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that while Plaintiff was incarcerated, his First and Sixth Amendment rights to privileged communication with an attorney were violated, his right to free exercise of religion was violated, and that his conditions of confinement violated his Fourteenth Amendment Due Process right among other claims. A number of Plaintiff's claims survived a motion to dismiss. (*See* Order Adopting Report and Recommendations, ECF No. 89.)

The Court finds that Plaintiff's claims are "likely to be of substance." *Hodge*, 802 F.2d 61-62. The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Plaintiff lacks the ability effectively to engage in settlement negotiations. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61. Pro bono counsel would be appointed solely for the purposes of representing Plaintiff at a settlement conference with the aim of resolving this case quickly without the expenditure associated with additional motions and taking the case to trial.

Pro bono counsel will not be obligated for any aspect of plaintiff's representation beyond the matters described in this Order. Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent plaintiff for the purposes described above. The Court

advises plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent plaintiff. If an attorney volunteers, the attorney will contact plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

**SO ORDERED.**

Dated: March 27, 2023
   New York, New York

_____
**KATHARINE H. PARKER**
**United States Magistrate Judge**